E3326 - P92

MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

ANGELA E. RAY ADMI
PO BOX 53
MARYSVILLE, OH 43040,

PLAINTIFF,

VS.

ELAINE BRYANT
COLUMBUS POLICE DEPT
120 MARCONI BLVD
COLUMBUS, OH 43215,

DEFENDANT.

21CV-08-5056
CASE NUMBER

CLERK OF COURTS
2021 AUG 11 PH 3:42
FILED COMMON PLEAS COURT FRANKLIN CO. OHIO

**** SUMMONS ****   08/09/21

TO THE FOLLOWING NAMED DEFENDANT:
ELAINE BRYANT
COLUMBUS POLICE DEPT
120 MARCONI BLVD
COLUMBUS, OH 43215

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY
COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY:   ANGELA E. RAY ADMI
      PO BOX 53
      MARYSVILLE, OH 43040,

PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF
THE PLAINTIFF'S ATTORNEY IS:
      ALLISON BOGGS
      P O BOX 53
      MARYSVILLE, OH 43040

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S
ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY
OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE
OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER
MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A
COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY:  BROOKE ELLIOTT, DEPUTY CLERK

(CIV370-S03)

Exhibit A

E3326 - P90



MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

ANGELA E. RAY ADMI
PO BOX 53
MARYSVILLE, OH 43040,

        PLAINTIFF,
        VS.
ELAINE BRYANT
COLUMBUS POLICE DEPT
120 MARCONI BLVD
COLUMBUS, OH 43215,

        DEFENDANT.

21CV-08-5056
CASE NUMBER

**** SUMMONS ****         08/09/21

TO THE FOLLOWING NAMED DEFENDANT:
    KENNETH SAUER
    COLUMBUS POLICE DEPT
    120 MARCONI BLVD
    COLUMBUS, OH 43215

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY
COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY:    ANGELA E. RAY ADMI
      PO BOX 53
      MARYSVILLE, OH 43040,

                                            PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF
THE PLAINTIFF'S ATTORNEY IS:
    ALLISON BOGGS
    P O BOX 53
    MARYSVILLE, OH 43040

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S
ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY
OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE
OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER
MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A
COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY:  BROOKE ELLIOTT, DEPUTY CLERK

                                                                         (CIV370-S03)

**Exhibit A**

E3326 - P91

MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

ANGELA E. RAY ADMI
PO BOX 53
MARYSVILLE, OH 43040,

           PLAINTIFF,

VS.

ELAINE BRYANT
COLUMBUS POLICE DEPT
120 MARCONI BLVD
COLUMBUS, OH 43215,

           DEFENDANT.

21CV-08-5056
CASE NUMBER

FILED
CLERK OF COURTS
COMMON PLEAS COURT
FRANKLIN CO. OHIO
2021 AUG 11 PM 3: 42

**** SUMMONS ****        08/09/21

TO THE FOLLOWING NAMED DEFENDANT:
    WAYNE BRYANT
    COLUMBUS POLICE DEPT
    120 MARCONI BLVD
    COLUMBUS, OH 43215

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY
COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY:    ANGELA E. RAY ADMI
    PO BOX 53
    MARYSVILLE, OH 43040,

                                                                    PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF
THE PLAINTIFF'S ATTORNEY IS:
    ALLISON BOGGS
    P O BOX 53
    MARYSVILLE, OH 43040

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S
ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY
OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE
OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER
MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A
COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY:  BROOKE ELLIOTT, DEPUTY CLERK

                                                                            (CIV370-S03)

**Exhibit A**

0F591 - E40

# IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
## CIVIL DIVISION

Angela Everson Ray, Administrator
of the Estate of Twyla M. Dillard,
Deceased
C/O
P.O. Box 53
Marysville, Ohio 43040

and

Earnest H. Dillard, II,
7742 Silkwood Court
Columbus, Ohio 43085

and

Dawn Thomas,
1762 Newfield Road
Columbus, Ohio 43209

        Plaintiffs,

V.

Elaine Bryant,
Chief of Police
Columbus Police Department
120 Marconi Blvd.
Columbus, Ohio 43215

and

Officer Wayne Bryant,
Columbus Police Department
120 Marconi Blvd.
Columbus, Ohio 43215

Case No.

Judge

1

**Exhibit A**

and

Officer Kenneth Sauer,
Columbus Police Department
120 Marconi Blvd.
Columbus, Ohio 43215

and

Officers/Detectives John and Jane Doe,
Columbus Police Department
Currently Unknown Officers/Detectives
120 Marconi Blvd.
Columbus, Ohio 434215

    Defendants.

# COMPLAINT
**Jury Demand Endorsed Hereon**

1. At all times relevant in this complaint, Plaintiff Angela Everson Ray is the duly appointed administrator for the Estate if Twyla M. Dillard, Franklin County probate Case number 603253. Mrs. Ray was appointed on March 5, 2020.

2. At all times relevant in this complaint, Plaintiffs Earnest H. Dillard, II and Dawn Thomas are the surviving siblings of Twyla M. Dillard.

3. At all times relevant, Defendant, Columbus Police Department and its officers, is the law enforcement agency that had jurisdiction to respond, and did respond to the calls placed regarding Twyla M. Dillard, decedent and in making decisions what to tell her family and whether her family would get to see her.

2

**Exhibit A**

4. Defendant Elaine Bryant, is the Chief of the Columbus Police Department, and as such, in her official capacity is responsible for the acts of her employees and the policy and procedures used by the employees.

5. At all times relevant, Defendants Officer Wayne Bryant and Officer Kenneth Sauer were employees of the Columbus Police Department and were the initial responding officers to the call wherein Twyla M. Dillard was shot, identifying Miss Dillard as a victim in their preliminary report.

6. At all times relevant, additional Defendants, who are identified as Officer John or Jane Doe, are officers and/or detectives who participated in the investigation, making decisions directly related to the allegations in this Complaint, who are unknown at the present time but is believed will become known as discovery is made in the case.

7. On July 19, 2019, at 9:16 a.m., Plaintiff Dawn Thomas called Defendant, Columbus Police Department, to report her sister, Twyla M. Dillard was missing. Plaintiff Thomas reported her sister's typical daily routine of riding her bicycle, usually riding the bike trail starting at College Avenue and Petzinger Road to Three Creeks Park area.

8. Plaintiff Dawn Thomas lived with Twyla M. Dillard and was very familiar with her schedule.

9. When Plaintiff Dawn Thomas arrived home from work the morning of July 19, 2019, Miss Dillard and her bike were gone. When Miss Dillard did not respond to calls and texts from Mrs. Thomas, Mrs. Thomas made the report that her sister was missing. It was out of the ordinary for Miss Dillard to not respond to repeated attempts to contact her by Mrs. Thomas.

3

**Exhibit A**

10. Plaintiff Dawn Thomas notified her brother, Plaintiff Earnest H. Dillard, II that Miss Dillard had not returned home from what Mrs. Thomas believed was one of Miss Dillard's daily bike rides and advised Mr. Dillard she was going to attempt to trace Miss Dillard's steps by going to the trail Miss Dillard routinely used.

11. Plaintiff Dawn Thomas spent the entire day of July 19, 2019 scouring the regular bike trial for any signs of her sister.

12. During that day, Plaintiff Dawn Thomas called every local hospital to see if Twyla M. Dillard had been admitted, or if a Jane Doe had been admitted, and she was told by each hospital that Miss Dillard was not there and there was no Jane Doe admitted.

13. Prior to these events, in the early morning hours of July 19, 2019, Columbus Police officers Wayne Bryant and Kenneth Sauer responded to call of a suspected shooting. This call occurred at 1:54 AM on July 19, 2019.

14. Upon arrival at 2677 Johnathan Park Way, Reynoldsburg, Ohio, the offers found Twyla M. Dillard had been shot multiple times. She was transported to Mt. Carmel East in critical condition and was identified on the police report as the victim. The shooter was taken into custody.

15. Plaintiffs Earnest Dillard, II and Dawn Thomas spent the entire day, July 19, 2019 looking for their sister and calling everyone they could possible think to call, worried that something had happened to Twyla M. Dillard.

16. Defendants Columbus Police Department, Officers Bryant and Sauers made no attempt to notify Twyla M. Dillard's family members that she had been a victim in a shooting and where she was being transported for treatment.

Case: 2:21-cv-04378-SDM-CMV Doc #: 1-1 Filed: 09/03/21 Page: 8 of 19 PAGEID #: 50
Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Aug 09 4:19 PM-21CV005056
0F591 - E44

17. Even after Plaintiff Dawn Thomas called Columbus Police Department to report her sister missing, well over six hours after Columbus Police Officers Bryant and Sauers responded to the shooting, no one told her that her sister had been shot.

18. Late in the day of July 19, 2019, Defendant Columbus Police Department finally told Plaintiffs Earnest Dillard, II and Dawn Thomas that Twyla Dillard had been shot, was in critical condition, but now they considered her a suspect instead of a victim, had her in its custody and would not disclose her location.

19. The Defendant Columbus Police Department continuously refused to disclose any information regarding Miss Dillard's medical status and location to Plaintiffs from July 19, 2019 until August 9, 2019, when it became clear that Miss Dillard's chances of survival were diminishing.

20. The entire time Miss Dillard was at Mt. Carmel East, her surgeon fought for her to have her family members by her side and Defendant Columbus Police Department refused to follow the surgeon's directives, as he believed that having family around could affect Miss Dillard's chances of recovery and positively assist in her medical care. For a period of time she was conscious and coherent but was intentionally deprived of any opportunity of seeing her family, minister or attorney even though her prognosis was not favorable.

21. On August 9, 2019, Defendant Officer John or Jane Doe called Plaintiff Mrs. Thomas and told her she and family members could go and see Miss Dillard and disclosed where she was located. Plaintiff Earnest Dillard, II was not able to see his sister as he traveled out of town, because there had been no communication as to his sister's condition.

5

**Exhibit A**

22. When Plaintiff Mrs. Thomas arrived at the hospital she found two Columbus Police Officers guarding the doorway to Miss Dillard's room and Miss Dillard was further handcuffed to her bed.

23. Miss Dillard was never given the opportunity to see her family, her minister or an attorney during the times she was conscious. Her rights as a victim were violated, when she was initially considered the victim of the crime, and her rights as a potential defendant were violated when Defendant Officer John or Jane Doe changed her status to suspect instead of victim and continued to deprive her contact with family, her minister and attorney.

**FIRST CAUSE OF ACTION: Plaintiff Estate of Twyla M. Dillard claims of a violation of Twyla Dillard's civil rights pursuant to 42 U.S.C. §1983 occurred as a result of the implementation of a policy of the Columbus Police Department**

24. Plaintiffs incorporate, as if fully rewritten herein, the allegations contained in paragraphs one through twenty-three.

25. Miss Dillard was initially (and correctly) determined to be the victim of the event on July 19, 2019, as was indicated on the preliminary investigation report completed by Defendant Officer Wayne Bryant.

26. Defendants Officer Wayne Bryant and Officer Kenneth Sauer violated Miss Dillard's civil rights when they failed to notify immediate family members of her condition and where she was hospitalized. While she was classified as a victim, she had rights that were violated. Even after some unidentified Defendant classified her as a suspect, she retained all the procedural due process rights and civil rights afforded to all citizens of the United States.

6

**Exhibit A**

27. The Columbus Police Policy Number 4.02(D) violated Miss Dillard's civil rights to see her family, her minister and her attorney and she should not have had to wait until she was "near death". The allowance of the discretion of "division personnel" to determine if family members can see the prisoner upon consultation of the attending physician leaves room for a subjective decision.

28. In this case, Miss Dillard's surgeon requested that her family be brought in, as her condition remained critical the entire time she was in the hospital. His medical advice and requests were ignored.

29. He also believed that having the family around could, in fact, affect her recovery.

30. Miss Dillard was deprived her right to association with her family, she was deprived of her right of freedom of religion, to have her minister present while she was in the hospital, and possibly deprived of the right to counsel, since Defendants refused to disclose her whereabouts, why she was suddenly being considered a suspect instead of a victim, and Defendants certainly did not inform the family members that they could retain the services of counsel on behalf of Miss Dillard.

**SECOND CAUSE OF ACTION: Plaintiffs Earnest H. Dillard, II and Dawn Thomas claim they were subjected to the intentional infliction of emotional distress as a result of the actions of Defendants Officer Wayne Bryant and Kenneth Sauer and Officer John or Jane Doe, when the individual(s) intentionally failed to inform them that their sister, Twyla M. Dillard was in the hospital, in critical condition as a result of being shot. Miss Dillard was identified as the victim in the original police report.**

31. Plaintiff incorporates, as if fully rewritten herein, the allegations contained in paragraphs one through thirty.

32. As a victim of crime, Defendants Officer Wayne Bryant and Officer Kenneth Sauer, had a duty to actively determine Miss Dillard's family to notify them of what had happened

7

**Exhibit A**

Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Aug 09 4:41 PM-21CV005613
0F591 - E47
Case: 21-cv-04378-SDM-CMV Doc #: 1 Filed: 09/09/21 Page: 14 of 41 PAGEID #: 13

to Miss Dillard. That duty extended to determining if Miss Dillard had children and/or pets in her home that may have been left unattended. They failed to investigate if any one was expecting Miss Dillard to return home, which created anxiety and emotional distress for Plaintiffs Earnest H. Dillard, II and Dawn Thomas, who lived with Miss Dillard.

33. Plaintiffs Dawn Thomas and Earnest Dillard, II were at their wits' end with worry and fear all day July 19, 2019 and then when they were finally notified about Miss Dillard, they were given minimal information surrounding her shooting and why she was a suspect, after having been identified as a victim.

34. The lack of consideration for Miss Dillard's family and the emotional turmoil they were experiencing was extreme and outrageous. It went beyond all bounds of decency and can be considered completely intolerable in a civilized community.

35. Defendants' Officer Wayne Bryant, Officer Kenneth Sauer and Officers John and Jane Doe cause psychological injury to the Plaintiffs.

36. Plaintiffs Dawn Thomas and Earnest Dillard, II, suffered serious mental anguish of a nature no reasonable person could be expected to endure.

37. As a direct and proximate result of Defendants' Officer Wayne Bryant, Officer Kenneth Sauer, and Officers John and Jane Doe's malicious purpose, actions done in bad faith or with wanton misconduct, Plaintiffs Earnest Dillard, II and Dawn Thomas suffered serious mental anguish, loss of familial consortium, anxiety, anger, resentment, loss of enjoyment of life, and inability to perform ordinary activities.

**THIRD CAUSE OF ACTION: Plaintiffs Earnest H. Dillard, II and Dawn Thomas claim they were subjected to the intentional infliction of emotional distress as a result of the**

8

**Exhibit A**

actions of Officer/Detective John or Jane Doe when she refused to allow them to see their sister, Twyla M. Dillard, who was in the hospital, in critical condition as a result of being shot. Miss Dillard was initially identified as the victim in the original police report.

38. Plaintiff incorporates, as if fully rewritten herein, the allegations contained in paragraphs one through thirty-seven.

39. Upon the response of the Columbus Police Department to a shooting involving Twyla M. Dillard, it was clear that Miss Dillard was in critical condition, near death, as noted in the preliminary investigation report. The Defendant knew or should have known that Miss Dillard coded twice in the ambulance on the way to Mt. Carmel East.

40. Knowing that Miss Dillard was in critical condition and considered a victim, Defendants knew or should have known that the callous response to the Plaintiffs inquiry regarding the location of their sister and refusing to disclose her condition would result in Plaintiffs Dawn Thomas and Earnest Dillard, II suffering serious emotional distress.

41. Defendant Officer John or Jane Doe's conduct regarding Miss Dillard's medical condition and refusing to allow her family to see her was extreme and outrageous. It went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community.

42. Defendant Officer John or Jane Doe's actions caused psychological injury to the Plaintiffs.

43. Plaintiffs Dawn Thomas and Earnest Dillard, II, suffered serious mental anguish of a nature that no reasonable person could be expected to endure.

44. As a direct and proximate result of Defendants Officer John or Jane Doe's malicious purpose, actions done in bad faith or with wanton misconduct, Plaintiffs Earnest Dillard, II and Dawn Thomas suffered serious mental anguish, loss of familial consortium,

9

**Exhibit A**

Case: 2:24-cv-04378-SDM-CMV Doc #: 6 Filed: 01/22/25 Page: 134 of 149 PAGEID #: 615
Franklin County Ohio Clerk of Courts of the Common Pleas- 2024 Aug 09 4:14 PM-24CV005615
0F591 - E49

anxiety, anger, resentment, loss of enjoyment of life, and inability to perform ordinary activities.

**FOURTH CAUSE OF ACTION: Plaintiffs Earnest H. Dillard, II and Dawn Thomas claim they were subjected to the intentional infliction of emotional distress as a result of any policy of the Columbus Police Department wherein it is left to the discretion of the investigating officer whether or not to inform family members of the medical condition of a person in the custody of the Columbus Police Department.**

45. Plaintiff incorporates, as if fully rewritten herein, the allegations contained in paragraphs one through forty-four.

46. Upon the response of the Columbus Police Department to a shooting involving Twyla M. Dillard, it was clear that Miss Dillard was in critical condition, near death, as noted in the preliminary investigation report. The Defendants knew or should have known that Miss Dillard coded twice in the ambulance on the way to Mt. Carmel East Hospital.

47. Knowing that Miss Dillard was in critical condition and at one time considered a victim, Defendants knew or should have known that the callous response to the Plaintiffs and refusing to disclose her condition would result in Plaintiffs Dawn Thomas and Earnest Dillard, II suffering serious emotional distress.

48. Defendant Officer John or Jane Doe's conduct and abuse of the discretion permitted by CPD policy regarding whether or not to disclose Miss Dillard's medical condition to the Plaintiffs and refusing to allow her family to see her was extreme and outrageous. It went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community.

49. Defendant Officer John or Jane Doe's actions caused psychological injury to the Plaintiffs.

10

**Exhibit A**

50. Plaintiffs Dawn Thomas and Earnest Dillard, II, suffered serious mental anguish of a nature that no reasonable person could be expected to endure.

51. As a direct and proximate result of Defendants Officer John or Jane Doe's malicious purpose, actions done in bad faith or with wanton misconduct, Plaintiffs Earnest Dillard, II and Dawn Thomas suffered serious mental anguish, loss of familial consortium, anxiety, anger, resentment, loss of enjoyment of life, and inability to perform ordinary activities.

**FIFTH CAUSE OF ACTION: Plaintiffs Earnest H. Dillard, II and Dawn Thomas claim their civil rights were violated when they were not timely told that their sister had been shot and where their sister was hospitalized after being shot, under the claim that their sister was a suspect in an alleged crime and was in the custody of the Columbus Police Department.**

52. Plaintiffs incorporate, as if fully rewritten herein, the allegations contained in paragraphs one through fifty-one.

53. Plaintiffs Dawn Thomas and Earnest Dillard, II, filed a missing persons report hours after Defendants Officer Wayne Bryant and Officer Kenneth Sauer responded to a shooting involving Miss Dillard.

54. While Miss Dillard was initially (and correctly) determined to be the victim of the event on July 19, 2019, as was indicated on the preliminary investigation report completed by Defendant Officer Wayne Bryant, Defendants failed to take any immediate action to locate Plaintiffs Dawn Thomas and Earnest Dillard, II to inform them that their sister had been involved in a shooting.

55. Defendants Officer Wayne Bryant and Officer Kenneth Sauer violated Plaintiffs' civil rights when they failed to timely notify Plaintiffs that their sister had been in an altercation, that she had been shot and clinging to life, and where she had been

11

**Exhibit A**

Case: 2:21-cv-04378-SDM-CMV Doc #: 6 Filed: 09/08/21 Page: 15 of 19 PAGEID #: 617
Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Aug 05 4:14 PM-21CV005056
0F591 - E51

transported. Defendants prevented Mt. Carmel East Hospital from disclosing to Plaintiff Dawn Thomas that there was a Jane Doe in the hospital when she called earlier on July 19, 2019.

56. The Columbus Police Policy Number 4.02(D) violated Plaintiffs Dawn Thomas and Earnest Dillard, II's civil rights to see and know where their sister was being treated. The mere fact that her status changed from victim to suspect (although her death certificate lists the cause of death as a homicide) did not mean her family "checked their civil rights at the door" to know about her condition and see her while in custody. The fact that they had to wait until Miss Dillard was "near death" to be able to see her, deprived them and Miss Dillard the potential opportunity to interact, to have one last chance to tell each other that they loved each other, and for Miss Dillard to know while she was conscious that her family cared about her and did not abandon her. The allowance of the discretion of "division personnel" to determine if family members can see the prisoner upon consultation of the attending physician leaves room for a subjective decision.

57. In this case, Miss Dillard's surgeon requested that her family be brought in, as her condition remained critical, near death, the entire time she was in the hospital. His medical advice and requests were ignored.

58. He also believed that having the family around could, in fact, affect her recovery.

59. Plaintiffs Dawn Thomas and Earnest Dillard, II were deprived their right to association with their sister, they were deprived of the right to contact her minister to tend to her spiritual needs, and certainly they were not advised that Miss Dillard had a right to counsel, which would have given them an opportunity to contact an attorney to fight for Miss Dillard's rights.

12

**Exhibit A**

**SIXTH CAUSE OF ACTION: Plaintiffs Estate of Twyla M. Dillard, Earnest H. Dillard, II and Dawn Thomas claim that any policy of the Columbus Police Department wherein it is left to the discretion of the investigating officer whether or not to inform family members of the medical condition of a person in the custody of the Columbus Police Department is unconstitutional and violates the civil rights of the person in custody as well as the civil rights of the family members.**

60. Plaintiffs incorporate, as if fully rewritten herein, the allegations contained in paragraphs one through fifty-nine.

61. Columbus Police Department Policy Number 4.02 specifically violated Miss Dillard's civil rights, as well as Plaintiffs Dawn Thomas and Earnest Dillard, II's civil rights by preventing the family from knowing about and seeing Miss Dillard just because someone changed her status from a victim to a suspect. Assuming, arguendo, she was always considered a suspect, the policy still violates Miss Dillard's civil rights and her brother and sister's civil rights when the policy keeps a suspect separated from family just because they are being held at a hospital and not a jail facility.

62. In this case, there were two guards posted at Miss Dillard's door and she was restrained to her bed. Plaintiffs absolutely could not have absconded with her, in her medical state. Miss Dillard was not going anywhere and was more than guarded as a person in custody.

63. Miss Dillard's and the Plaintiffs' civil right were violated as she was treated differently from other persons in custody, who would have at least had the minimum visitation with family as permitted by the jail.

64. As a result of Columbus Police Department Policy 4.02, Miss Dillard was deprived of her right to associate with her family in what turned out to be the final days of her life, she was deprived of her right to have her minister attend to her spiritual needs during this

13

**Exhibit A**

time and she was deprived of having an attorney to fight for her rights while she was in the custody of Defendant, Columbus Police Department.

65. The fact that her death has been ruled a homicide, Defendant Columbus Police Department violated her civil rights during this time frame when she was denied visits from her family, friends, and minister.

66. Plaintiffs Dawn Thomas and Earnest Dillard, II's civil rights were violated as a result of the implementation of this Policy. Defendants continuously denied Plaintiffs the knowledge of the medical condition of Miss Dillard, where she was being treated, and from actually seeing Miss Dillard as often as they could, especially during the period of time when Miss Dillard was conscious. Instead, they were forced to wait until there was little time left to Miss Dillard's life.

67. Plaintiff Earnest Dillard, II, was out of town on August 9, 2019 and was deprived any opportunity to see his sister between July 19, 2019 and August 9, 2019, due to Defendant Columbus Police Department Policy Number 4.02, in violation of his civil rights to associate with his family.

68. The implementation of this policy amounts to a cruel and unusual punishment, directed at an accused and at the accused's family. It is a direct violation of the civil rights of citizens of the United States and the Plaintiffs in this case suffered immeasurable emotional and psychological pain based on the way they were treated based on Defendant's Policy, and Miss Dillard experienced great deprivation of her rights either as a victim of crime and her rights guaranteed as a person of interest in a criminal investigation.

14

**Exhibit A**

## SEVENTH CAUSE OF ACTION: Plaintiffs' Claims for Compensatory and Punitive Damages

69. Plaintiff incorporates, as if fully rewritten herein, the allegations contained in paragraphs one through sixty-eight.

70. Defendants' above described conduct and written policy is objectively unreasonable under the facts and circumstances, was shocking to the conscience, was outrageous and violated the Plaintiffs' civil rights and inflicted emotional distress on them.

71. Plaintiffs demand that Defendants pay compensatory damages and punitive damages for the handling of Miss Dillard's case and the treatment of her family while they anguished over their sister.

72. Plaintiffs demand that Columbus Police Department Policy 4.02, to the extent that it directs the treatment of persons in the custody of the Columbus Police Department and are hospitalized be found to violate the civil rights of those in the custody of the Defendant and family members who are prevented from seeing their loved ones until such time as decided by a member of the Columbus Police Department and typically at a point in time when any encounter is rendered meaningless for the person in custody and the family.

WHEREFORE, Plaintiffs each demand judgment against Defendants, jointly and severally, in an amount greater than $25,000.00, plus interest, costs, attorney fees, compensatory and punitive damages, and any other such legal or equitable relief as this Court deems appropriate.

15

**Exhibit A**

Case: 2:23-cv-03073-SDM-CMV Doc #: 1-1 Filed: 09/29/23 Page: 19 of 19 PAGEID #: 21
Franklin County Ohio Clerk of Courts of the Common Pleas- 2023 Aug 04 1:41 PM-23CV005621
0F591 - E55

Respectfully Submitted,

Alison Boggs, #0055841
P.O. Box 53
Marysville, Ohio 43040
(937) 578-0214
alisonghoggs@yahoo.com
Counsel for Plaintiffs

## JURY DEMAND

Plaintiff demands a trial by a jury of eight.

Respectfully Submitted,

Alison Boggs, #0055841
P.O. Box 53
Marysville, Ohio 43040
(937) 578-0214
alisonghoggs@yahoo.com
Counsel for Plaintiffs

16

**Exhibit A**